Denton County District Clerk
By: Jennifer Jones, Deputy

CAUSE NO. 21-6358-431 _____

| | | |
|---|---|---|
| **MARCIE ST. JOHN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **WALMART, INC. D/B/A WALMART,** | § | |
| **WALMART SUPERCENTER** | § | |
| **NO. 04627, WALMART STORES** | § | |
| **TEXAS, LLC** | § | |
| | § | |
| **Defendants** | § | **DENTON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

Comes now, MARCIE ST. JOHN, Plaintiff, by and through her undersigned attorneys, complaining of WALMART, INC. D/B/A WALMART, WALMART SUPERCENTER NO. 04627, WALMART STORES TEXAS, LLC, "Defendants" hereinafter, and for cause of action would respectfully show unto the Court the following:

### I.      LEVEL 3 DISCOVERY CONTROL PLAN

Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiff declares that discovery in this lawsuit is intended to be conduction under Level 3 (T.R.C.P. 190.4).

### II.      NATURE OF THE CASE

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## III.    PARTIES AND SERVICE

At all times relevant to this action, Plaintiff MARCIE ST. JOHN (hereinafter "Plaintiff), was a resident of Sanger, Denton County, Texas.

At all times relevant to this action, Defendant WALMART, INC. D/B/A WALMART is a corporation doing business in Denton County, Texas.  Defendant has a primary place of business located in Bentonville, Arkansas at 702 SW 8th Street, Dept. 8687 #0555, Bentonville, Arkansas 72716-0555.  Defendant may be served with process by serving its registered agent CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever they may be found.

At all times relevant to this action, Defendant WALMART SUPERCENTER NO. 04627, is a corporation doing business in Denton County, Texas.  Defendant has a primary place of business located in Denton, Texas at 2750 W. University Drive, Denton, Texas 76201.  Defendant may be served with process by serving its registered agent CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever they may be found.

At all times relevant to this action, Defendant WALMART STORES TEXAS, LLC, is a corporation doing business in Denton County, Texas.  Defendant has a primary place of business located in Bentonville, Arkansas at 702 SW 8th Street, Dept. 8687 #0555, Bentonville, Arkansas 72716-0555.  Defendant may be served with process by serving its registered agent CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever they may be found.

## III.    JURISDICATION AND VENUE

That this Court has jurisdiction over this action and venue of this action is proper in Denton County, Texas.

Plaintiff's Original Petition                                                                                                  Page 2

## IV.    FACTUAL BACKGROUND

On Sunday, August 4, 2019, at around 10:00 a.m., Plaintiff was shopping at Walmart Supercenter No. 04627 located at 2750 W. University Drive in Denton, Texas.  Plaintiff traveled from the Health and Beauty section of the store down a large aisle known in Walmart terms to be called "Action Alley" towards a smaller aisle where over-the-counter medications are kept.  Plaintiff passed several pallets containing store merchandise as she traveled towards the aisle containing over-the-counter medication.  As Plaintiff was arriving in the area of the over-the-counter medication, she passed one particular pallet that was being organized by three of Defendants' employees.  As Plaintiff was about to turn into the smaller aisle containing the over-the-counter medication, she observed a male customer shopping in the aisle with this cart blocking the aisle entrance.  The male customer apologized to Plaintiff for blocking the aisle.  Plaintiff courteously dismissed the apology and told the male customer not to rush and that she was not in any hurry.  As Plaintiff waited for the male customer's cart to clear, several large boxes fell from a height off the pallet being organized by Defendants' employees.  The boxes were extremely heavy and contained several packages of uncooked rice large, heavy packages of corn flour, and jars of cheese.  The boxes violently slammed into Plaintiff's back.  Plaintiff sustained serious disabling, and permanent damages and injuries.

## V.    CLAIM FOR RELIEF:  NEGLIGENCE

Defendants had a duty to exercise the degree of care that a reasonably prudent business would use to avoid harm to others under circumstances similar to those described herein.

Defendants breached their duty in the following respects:

A.    Defendants failed to keep a proper lookout for Plaintiff's safety as a business exercising ordinary and prudent care would have done under the same or similar circumstances.

B.      Defendants failed to properly and safety maintain their premises as a business

exercising ordinary and prudent care would have done under the same or similar

circumstances.

C.      Defendants failed to properly supervise and/or instruct store personnel in proper and

safe stocking of their products as a business exercising ordinary and prudent care

would have done under the same or similar circumstances.

D.      Defendants failed to inspect merchandise periodically to ascertain whether it posted

a danger to Plaintiff as a business exercising ordinary and prudent care would have

done under the same or similar circumstances.

E.      Defendants failed to warn Plaintiff that there was a risk of harm in standing in an

aisle where pallets were being stacked with heavy merchandise as a business

exercising ordinary and prudent care would have done under the same or similar

circumstances.

## VI.      CLAIM FOR RELIEF:  PREMISES LIABILITY

Defendants owned, operated, managed or were in control of the property in question.
Defendants knew or should have known that Plaintiff, or someone similarly situated to the
Plaintiff, would be an invitee on the premises, and as such, had a duty to the Plaintiff.  Defendants
breached their duty in the following respects:

A.      By allowing an unsafe condition to exist that, through the exercise of ordinary care,

was known or should have known;

B.      By failing to warn Plaintiff of an unsafe and unreasonably dangerous condition

existing on their property;

C.      By failing to properly maintain the premises and fixtures used herein;

D.      By failing to keep the premises reasonably safe;

E.      By failing to exercise ordinary care; and

F.      By failing to reduce or eliminate any unreasonable risk of harm on the premises.

## VII. DAMAGES

As a direct and proximate result of this incident and of Defendants' conduct and their aforesaid negligence, Plaintiff has incurred physical pain, physical impairment, physical disfigurement, loss of enjoyment of life, and mental anguish in the past and will incur future physical pain, physical impairment, physical disfigurement, loss of enjoyment of life and mental anguish.

## VIII.   REQUIRED DISCLOSURES

Pursuant to Tex. R. Civ. P. 194, Defendants are requested to disclose, within thirty (30) days after the filing of the first answer or general appearance, information or material described in Rule 194.2(b)(l).

## IX.   JURY DEMAND

Plaintiff hereby demands a trial by jury of all fact issues herein.

## X. PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount sufficient to compensate her for her damages, for Plaintiff's costs, pre and post judgment interest, and for such other and further relief, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**LYON, GORSKY & GILBERT, L.L.P.**


*/s/ Zach Horn*
ZACH HORN
State Bar No. 24078689
BOB GORSKY
State Bar No. 08221200
CBS Tower
12001 N. Central Expressway, Suite 650
Dallas, Texas 75243
Telephone: 214/965-0090
Facsimile: 214/965-0097
Email: zhorn@lyongorsky.com

**ATTORNEYS FOR PLAINTIFF**