CAUSE NO. 21-6358-431

| | | |
|---|---|---|
| **MARCIE ST. JOHN** § | | IN THE DISTRICT COURT |
| **PLAINTIFF,** § | | |
| § | | |
| v. § | | 431st JUDICIAL DISTRICT |
| § | | |
| **WALMART, INC. d/b/a WALMART,** § | | |
| **WALMART SUPERCENTER NO. 04627,** § | | |
| **WALMART STORES TEXAS, LLC** § | | |
| **DEFENDANT.** § | | DENTON COUNTY, TEXAS |

**DEFENDANT WAL-MART STORES TEXAS, LLC'S
ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC ("Defendant") (incorrectly named Walmart, Inc. d/b/a Walmart, Walmart Supercenter No. 04627), Defendant in the above-styled and numbered cause, and files this Original Answer, and in support hereof would respectfully show unto the Court the following.

**I.**

**GENERAL DENIAL**

1.    Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

**II.**

**AFFIRMATIVE DEFENSES**

2.    Pleading further, and in the affirmative, Defendant asserts the doctrine of

comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3. Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4. In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. *Id*. Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

5. Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6. Pleading further, Defendant would show that they are entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that they are entitled to a proportionate reduction of any damages found against them based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this

case.

7. Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8. Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9. Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10. Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that they acted just as a similar situated reasonable premises owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

11. Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

12. Pleading further, and in the affirmative, the injuries plead by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant' own creation.

13. Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

### III.

### NOTICE OF INTENT

14. Defendant further places plaintiff on notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 that may use in pretrial proceedings or at trial any and all documents and tangible things produced in discovery by plaintiff.

### IV.

### DEMAND FOR JURY TRIAL

15. In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:   */s/ Derek S. Davis*
**DEREK S. DAVIS**
Texas Bar No. 00793591
Email:  Derek.Davis@CooperScully.com
**MIRANDA K. ROBERTS**
Texas Bar No. 24121086
Email:  Miranda.Roberts@CooperScully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2021, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Zach Horn
Bob Gorsky**
Email:  zhorn@lyongorsky.com
Lyon, Gorsky & Gilbert, L.L.P.
CBS Tower
12001 N. Central Expressway, Suite 650
Dallas, Texas 75243
Telephone: (214) 965-0090
Facsimile:  (214) 956-0097
**ATTORNEYS FOR PLAINTIFF**

*/s/ Derek S. Davis*
**DEREK S. DAVIS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Karri Minster on behalf of Derek Davis
Bar No. 793591
karri.minster@cooperscully.com
Envelope ID: 56501991
Status as of 8/20/2021 11:29 AM CST

Associated Case Party: Marcie St. John

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| AMY STOERMER | | astoermer@lyongorsky.com | 8/20/2021 11:17:32 AM | SENT |
| ZACH HORN | | zhorn@lyongorsky.com | 8/20/2021 11:17:32 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Zach Horn | | zhorn@lyongorsky.com | 8/20/2021 11:17:32 AM | SENT |

Associated Case Party: Wal-Mart Stores Texas, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Derek Davis | | derek.davis@cooperscully.com | 8/20/2021 11:17:32 AM | SENT |
| Miranda Roberts | | miranda.roberts@cooperscully.com | 8/20/2021 11:17:32 AM | SENT |
| Karri Minster | | Karri.Minster@cooperscully.com | 8/20/2021 11:17:32 AM | SENT |
| Kim Denton | | kim.denton@cooperscully.com | 8/20/2021 11:17:32 AM | SENT |